IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| David G Shamoun and Linda G Shamoun, | ) | CASE NO. 14 B 10732 |
| | ) | |
| Debtor(s), | ) | Judge Jack B. Schmetterer |
| | | |
| David G Shamoun and Linda G Shamoun, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | ADV. NO. 14 AP 00245 |
| | ) | |
| Harris Bank, | ) | |
| | ) | |
| Defendant(s). | ) | |

## PROPOSED FIDINGS OF FACT AND CONCLUSIONS OF LAW

**Findings of Fact.**

Findings of fact are based on the filed Adversary Complaint and the Affidavit of David G Shamoun and Linda G Shamoun.

### A. The Parties

1. The Plaintiffs are David G Shamoun and Linda G Shamoun ("Plaintiffs").

2. The Defendant is Harris Bank ("Defendant").

### B. Factual Background

1. On March 25, 2014, Plaintiffs filed a petition for relief under Chapter 13 of Bankruptcy code.

2. Plaintiff owns the real estate commonly known as 9281 Woodland Dr, Niles, IL 60714.

14-00245:5.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 5/16/2014 5:15:59 PM by:David Cutler Page 2 of 4

3.  Wells Fargo holds a first mortgage lien on the real property commonly known as 9281 Woodland Dr, Niles, IL 60714, with a secured claim of $176,639.00.

4.  The Defendant holds a second mortgage lien on the real property known 9281 Woodland Dr, Niles, IL 60714 in the amount of $33,206.00.

5.  That the fair market value at the time of filing of case number 14 B 10732 of the real estate was not more than $128,000.00.

6.  The first mortgage lien of Wells Fargo is a secured claim based on the mortgage with World Savings Bank that was recorded on 12/30/2004 as document number 0436546066 with the Cook County Recorder of Deeds, Illinois.

7.  The second mortgage lien of Harris Bank is a claim based on the mortgage recorded on 4/17/2002 in the Office of the Cook County Recorder of Deeds as document number 0020436618.

8.  The current Chapter 13 Plan provides the Plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $439 (four hundred thirty-nine) monthly for 60 (sixty) months.

9.  Under the Plan, general unsecured creditors will be paid a dividend of eleven percent (11%) of their allowed claim.

10.  On April 7, 2014, Plaintiffs issued a summons and complaint to 11 U.S.C. § 1322(b) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiffs' property located at 9281 Woodland Dr, Niles, IL 60714.

11.  That on April 7, 2014 a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure by Certified U.S. Mail, postage prepaid to an officer of the Defendant at:

Harris Bank, Mark F. Furlong, CEO, 111 W. Monroe Street, Chicago, IL 60603 and

by regular US mail to: BMO Harris Bank N.A. , ATTN: BRK-180-RC, 770 N

Water St , Milwaukee WI 53202.

12.  The summons indicated that a motion or answer was required within 30 days of

issuance; to date, no responsive pleading has been filed.

13.  No evidence has been presented to challenge the validity of the secured claim that

holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the fair market value of $128,000.00.

15. The secured claim of Wells Fargo in the amount of $176,639.00 exhausts the value

and equity in Plaintiff sr' esidence.

16.  There is no value and equity to support the claim of the Defendant.

## PROPOSED CONCLUSIONS OF LAW

### A.  Jurisdiction

1.  The contested matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K).

This court has jurisdiction overt this matter pursuant to 28 U.S.C. § 157(a) and

1334(b).

2.  Venue is proper in this pursuant to 28 U.S.C. § 1409.

### B.  Argument

3.  This action was initiated under F. R. Bankr. P. 3012.

4.  The Debtors scheduled the first Wells Fargo secured claim in the amount of

$176,639.00and the second Harris Bank claim in the amount of $33,206.00.

5.  That value of Plaintiffs' residence is $128,000.00.

6.    As there is no value or equity to support the second priority lien of Harris Bank, the
      Harris Bank claim is not a claim secured at all by a security interest in the Debtors'
      residence, as the term is used in § 1322(b) of the Bankruptcy Code.

7.    Because the junior mortgage lien held by Defendant is wholly unsecured, it should
      not be allowed as secured claim and the mortgage lien may be stripped off. *In Re
      Mann*, 249 B.R. 831,840 (1st Cir BAP 2000); *In Re Pond*, 2001 U.S.App.Lexis
      11287 (Cir. 20010; *Bartee vs. Tara Colony Homeowners Assoc*, 212 F.3d 277 (5th
      Cir. 2000); *In re Lam*, 211 B.R. 36 (9th Cir BAP 1357); *In Re Tanner*, 217 F.3d
      1357 (11 th Cir).

ENTER:    6/19/14

_____
United States Bankruptcy Judge